**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MILAGROS MONDRAGON-OCAMPO,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 12-73947

Agency No. A087-544-209

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before:    CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Milagros Mondragon-Ocampo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's denial of her application for cancellation of removal.  Our

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Mondragon-Ocampo failed to show exceptional and extremely unusual hardship to her United States citizen children. *See id.* at 930. Mondragon-Ocampo's contention that the agency violated due process by misapplying the law to the facts of her case and misconstruing evidence of hardship is not supported by the record and does not state a colorable due process claim that would invoke our jurisdiction. *See id.* ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims"); *see also Mendez-Castro v. Mukasey,* 552 F.3d 975, 980-81 (9th Cir. 2009) (this court lacks jurisdiction to review application of the exceptional and extremely unusual hardship standard to the facts of a case, "be they disputed or otherwise").

Mondragon-Ocampo's contention that the BIA used the wrong standard of review and engaged in de novo fact finding is belied by the record. *See* 8 C.F.R. §1003.1(d)(3)(i)-(ii); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and prejudice to prevail on a due process claim).

Mondragon-Ocampo's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**